## CONSOLIDATED CHOLLAR GOULD & SAVAGE MIN. CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 10198.

Circuit Court of Appeals, Ninth Circuit.

Feb. 11, 1943.

John D. Gallaher, of San Francisco, Cal., for appellant.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Bernard Chertcoff, and Arthur A. Armstrong, Sp. Assts. to the Atty. Gen., for appellee.

Before DENMAN, HANEY, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

Petitioner seeks a review of a decision of the United States Board of Tax Appeals, now Tax Court of the United States, sustaining a deficiency in income taxes for the tax years 1936 and 1938, computed by the respondent. The deficiency is based on the disallowance of a deduction claimed by petitioner from gross income "from the extraction of gold by the petitioner from certain dumps consisting of rocks and ore material which had never been milled or processed in any way but which had been deposited upon lands owned by the petitioner [from mines not located on such lands] many years prior to the acquisition of said lands by the petitioner."

The deduction is a matter of legislative grace, White v. United States, 305 U.S. 281, 292, 59 S.Ct. 179, 83 L.Ed. 172; New Colonial Ice Co. v. Helvering, 292 U. S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348, and the petitioner must bring itself clearly within the statute under which the deduction is claimed. It relies upon

"§ 23. Deductions from gross income.

In computing net income there shall be allowed as deductions:

*    *    *    *    *

"(m) *Depletion.* In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case; such reasonable allowance in all cases to be made under rules and regulations to be prescribed by the Commissioner, with the approval of the Secretary. *    *    *" Revenue Act of 1934, c.

277, 48 Stat. 680, U.S.C., Title 26, § 23, 26 U.S.C.A. Int.Rev.Code, § 23.

We agree with the Board that rocks and ore material, unworked other than in the fracturing and crushing incident to its removal from a mine, dumped from mines not owned by petitioner upon land not then owned but subsequently acquired by petitioner are not within the classification of "mines, * * * and * * * *other natural deposits."* It is a rational interpretation of Sec. 23(m) that the word "mines" is included in the concluding general classification of "natural deposits." If the dumps could be regarded as a mine, they are made by man and not by nature.

Assuming the phrases of the section lend themselves to an alternative construction, that the word "mines" is entirely disconnected from the phrase "other natural deposits" and includes man-made mines, the ambiguity arising from the two possible rational interpretations must be resolved against the taxpayer seeking the deduction and which must bring itself clearly within the area of legislative grace.

Petitioner contends that the deduction is warranted by our decision in Commissioner v. Kennedy Mining and Milling Co., 9 Cir., 125 F.2d 399. We do not agree. There we held the depletion deduction allowable because the recovery of mineral was from tailings of partially worked ore from a mine and mill owned by a taxpayer, deposited on taxpayer's land adjacent to the mine and mill from which they came, and hence the recovery was a mere continuation and completion of the processing of mineral extraction begun in the removal of the deposited material from the mine to the tailing dump. We distinguished that case from Atlas Milling Co. v. Jones, 10 Cir., 115 F.2d 61. There the deduction was disallowed. The taxpayer extracting the ore from the tailings did not own the mine from which the tailings had come, and the tailings were held not a mine or other natural deposit.

With reference to the classification of "mines, * * * and * * * other natural deposits" we are unable to see any distinction, with regard to their natural character as a mine or deposit, between deposited tailings from partial working in a mill and from mines not owned by the owner of the depositing lands, and deposited ore which had been no more processed than the crushing and fracturing al-

442

so coming from mines not owned by the owner of the land on which the deposit is made.

The decision of the Board of Tax Appeals is affirmed.

Affirmed.