**HOBAN v. VILEY, Collector of Internal Revenue.**

**HOBAN et al. v. VILEY, Collector of Internal Revenue.**

**Nos. 13296–13297.**

United States Court of Appeals
Ninth Circuit.

May 20, 1953.

Arthur H. Kent, San Francisco, Cal., Charles E. Horning, Wallace, Idaho, for appellant.

Ellis N. Slack, Acting Asst. Atty. Gen., John A. Rees, Special Asst. to Atty. Gen., John A. Carver, U. S. Atty., Boise, Idaho, Herman J. Rossi, Asst. U. S. Atty., Wallace, Idaho, for appellee.

Before ORR, Circuit Judge, and LING and BYRNE, District Judges.

LING, District Judge.

Questions concerning the interpretation of section 23(m) of the Internal Revenue Code, 26 U.S.C.A., Internal Revenue Code, § 23(m), form the basis of these appeals. The pertinent part of this section is as follows: "In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion * * *."

The facts from which the controversy arose are not in dispute, and, for present purposes, may be shortly stated.

In the year 1906, Hecla Mining Company, Federal Mining and Smelting Company, and Hercules Mining Company owned mines and concentration mills on Canyon Creek several miles above the City of Wallace, Idaho.

Tailings from the mills of these properties, and from the properties of other mining operations had been diverted into and had flowed down Canyon Creek for many years. Such tailings contained minerals which were not recoverable at the time. Subsequent to 1928, due to advances in the science of metallurgy, tailings deposited contained no recoverable mineral content.

In 1907 the three companies acquired land down-stream from their respective

workings upon which a dam was erected to impound tailings discharged into the creek. This dam caused tailings to be deposited on the valley floor for more than a mile above the dam. Some escaped to an area below the structure.

Tailings deposited were indiscriminately mixed with detritus and debris carried by the stream in flood season, and varied in depth from a few inches to 25 feet.

Small Leasing Company was organized in March, 1942, by Leo J. Hoban and James E. Small as general partners, each owning a one-half interest. In the same year the partnership obtained a lease on the tailings deposit from the three companies, and began extracting minerals from the deposit, both above and below the dam. This work required the use of heavy equipment and the construction of a concentration mill. By the end of 1946 the partnership had expended in excess of $117,000 for equipment and operating facilities, and had realized substantial amounts from the operation, a percentage of which was paid to lessors as royalty.

During the period between 1907 and 1942 other lessees of the three companies worked the area covered by the Small lease.

The Small Leasing Company in its income tax returns for the years 1942 to 1945 claimed deductions for depletion on account of operations under its lease, which the Commissioner disallowed. Any distributive share of the net income of said partnership during the calendar years 1942 to 1945, both inclusive, which was legally allocable to the interest of said Leo J. Hoban, constituted community income of Leo J. Hoban and appellant, Anita M. Hoban.

The Commissioner's disallowance of depletion deductions claimed in the partnership returns thereby increased the net income of said partnership, and increased proportionately the amount of the distributive shares of the said Anita M. Hoban and Leo J. Hoban.

The assessed deficiency and interest resulting from the increase in the distributive shares of the partnership are sought to be recovered by these actions, one of which was brought by Anita M. Hoban and the other by the executors of the estate of Leo J. Hoban, deceased.

After a trial on the merits, the complaints were dismissed by the District Court. By appropriate order these appeals were consolidated for hearing.

Appellants rely for support of their position upon two cases decided by this Court: Commissioner v. Kennedy Mining and Milling Company, 125 F.2d 399, and New Idria Quicksilver Mining Co. v. Commissioner, 144 F.2d 918, 921.

In the Kennedy case it was held that income received by a mine owner from a sale of minerals extracted from ores called "tailings" which had been treated, whereby some, but not all of the mineral content had been removed was income from the mine within the provisions of 23(m), supra, notwithstanding that the tailings had been mined prior to the year for which depletion allowance was sought.

In the New Idria case the court followed the doctrine laid down in the Kennedy case, with the observation "There is no legal distinction between the rights of the successor in interest and the rights of the original owner with respect to depletion claimed."

The taxpayers in both cases were either mine owners or the successor in interest of an owner.

Appellants assume for their own purpose, that under the facts in this case the three mining companies would be entitled to claim depletion deductions on their mines upon the authority of the Kennedy and New Idria cases, supra, and then by a course of reasoning based on this assumption, they attempt to show that as lessees of the tailings deposit, they too, are entitled to such deductions.

Their theory based on the foregoing assumed premise is without foundation, because the companies' right to depletion allowance on their mines is not in issue. If it were, a different question would be presented.

The sole issue for our determination is whether the partnership is entitled to depletion allowance on the tailings deposit and this is contingent upon whether the

tailings deposit is a "mine" or "other natural deposit."

The precise question found here was before this court in Consolidated Chollar Gould & Savage Mining Company v. Commissioner of Internal Revenue, 133 F.2d 440, 441, and was there answered adversely to appellants' contention. We quote from the opinion:

"We agree with the Board that rocks and ore material, unworked other than in the fracturing and crushing incident to its removal from a mine, dumped from mines not owned by petitioner upon land not then owned but subsequently acquired by petitioner are not within the classification of 'mines, * * * and * * * other natural deposits.' It is a rational interpretation of Sec. 23(m) that the word 'mines' is included in the concluding general classification of 'natural deposits.' If the dumps could be regarded as a mine, they are made by man and not by nature.

&ast; &ast; &ast; &ast; &ast; &ast;

"With reference to the classification of 'mines, * * * and * * * other natural deposits' we are unable to see any distinction, with regard to their natural character as a mine or deposit, between deposited tailings from partial working in a mill and from mines not owned by the owner of the depositing lands, and deposited ore which had been no more processed than the crushing and fracturing also coming from mines not owned by the owner of the land on which the deposit is made."

It is true that in working the tailings deposit in this case the leasing company was obliged to excavate the material to be processed. This material had became integrated with other materials carried by flood waters, and the entire mass rested upon the floor of the valley. The only natural phenomenon contributing to the creation of the deposit was the action of floods in carrying the tailings down-stream to the dam.

The lessees merely processed the tailings for a share of the amount of recovery, and had no economic interest in minerals in place, entitling them to compensation for loss of capital resulting from the exhaustion of such minerals.

 We adhere to the conclusion reached in the Consolidated case, supra, and are of the opinion that the word "mines" or "natural deposits" as used in section 23(m), supra, is limited to natural deposits, and does not include tailings severed from mines not owned by the taxpayer, and which are thereafter deposited on the earth's surface. Chicago Mines Co. v. Commissioner of Int. Rev., 10 Cir., 164 F.2d 785; Atlas Milling Co. v. Jones, 10 Cir., 115 F.2d 61.

Affirmed.